**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK R. SANDERS<br><br>    Plaintiff,<br><br>        v.<br><br>DRAKE LOUIS ENTERPRISE LLC<br>SYMPHONY COUNTRYSIDE LLC<br>SYMPHONY HMG, LLC<br>SYMCARE HEALTHCARE LLC<br>SYMCARE HMG LLC<br>SYMCARE HOLDINGS LLC<br>SYMCARE ML LLC<br><br>    Defendants. | 19-CV-02308<br><br>Judge Blakey |

**RULE 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT
BY DRAKE LOUIS ENTERPRISES LLC, SYMPHONY HMG LLC, SYMCARE
HEALTHCARE LLC, SYMCARE HMG LLC, SYMCARE HOLDINGS LLC
AND SYMCARE ML LLC**

Defendants Symphony HMG, LLC, Symcare Healthcare LLC, Drake Louis Enterprise LLC, Symcare HMG LLC, Symcare Holdings LLC, Symcare ML LLC, through their attorney Katherine Rodosky, respectfully requests that this Honorable Court dismiss all claims against these defendants for lack of jurisdiction under Rule 12(b)(1). In support these defendants state:

**FACTUAL BACKGROUND**

On May 7, 2019 plaintiff filed a complaint for employment discrimination against two entities: Symphony Countryside LLC and Symphony HMG, LLC (ECF Dkt. #11). Symphony Countryside LLC filed an answer on June 5, 2019 (ECF Dkt. #16). On June 19, 2019 Symphony HMG LLC filed a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction (ECF Dkt. #17). The simple two-page motion argued that Symphony HMG should be dismissed because the allegations did not even mention Symphony HMG, let alone establish a basis for subject matter jurisdiction. Furthermore, the complaint did not allege or show that plaintiff

exhausted administrative remedies against Symphony HMG. In open court on July 11, 2019 plaintiff requested leave to file an amended complaint. This Court denied the Motion to Dismiss without prejudice, and allowed plaintiff until August 26, 2019 to file an amended complaint (ECF Dkt. #23).

Plaintiff did not take the Motion to Dismiss to heart. On August 19, 2019 plaintiff filed a Second Amended Complaint that included Symphony Countryside LLC, Symphony HMG, LLC and five *new* defendants: Drake Louis Enterprise LLC, Symcare Healthcare LLC, Symcare HMG LLC, Symcare Holdings LLC, and Symcare ML LLC. See, 8/18/19 Amended Complaint attached as Exhibit A. The allegations in this complaint are substantively the same as the last one. This complaint, like the one filed before, is utterly devoid of any factual allegations against all defendants but for plaintiff's employer, Symphony of Countryside (which answered the last complaint). None of the additional entities named in this complaint employed the plaintiff, and none were named in an EEOC or IDHR charge filed by plaintiff. See, Affidavit of David Hartman, attached as Exhibit B

As set forth in the last motion, Symphony HMG, LLC is a holding company with no employees or operations. It owns just .1% of Symphony Countryside, LLC. See, Affidavit of David Hartman, attached as Exhibit B. Plaintiff never worked for Symphony HMG, LLC and he did not file an EEOC charge against Symphony HMG, LLC (Ex. B ¶5). Drake Louis Enterprises, LLC is the Manager of Symphony HMG, LLC. Drake Louis Enterprises has no interest in Symphony of Countryside. It did not employ plaintiff Mark Sanders, and was not served with an EEOC or IDHR charge filed by plaintiff. Ex. B, ¶3.

The newly added defendants are Symcare Helathcare LLC, Symcare HMG LLC, Symcare Holdings LLC and Symcare ML LLC. ("Symcare entities") None of these entities have

[ 2 ]

any interest or relation to Symphony Countryside (plaintiff's actual employer). Ex. B, ¶¶6-10. Furthermore, the Symcare entities have no employees; they never employed plaintiff; and none were served or named in an EEOC or IDHR charge filed by plaintiff. Ex. B, ¶¶ 7-10.

## **ARGUMENT**

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense a federal court's lack of subject matter jurisdiction over a plaintiff's claims. When a defendant makes this challenge, the plaintiff bears the burden of establishing jurisdiction. The Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir.2007) (citation omitted). Yet, if necessary, the Court may also look beyond the jurisdictional allegations to evidence outside of the pleadings including affidavits, to determine whether federal subject matter jurisdiction exists. *Id.*

All claims against Symphony HMG, LLC, Drake Louis Enterprises, and the Symcare entities should be dismissed for lack of jurisdiction. The complaint does not allege any facts whatsoever against or about these defendants. They are named in the caption only. (Ex. A). Thus, on its face the complaint does not establish a basis for subject matter jurisdiction and should therefore be dismissed. See, *Chicago Regional Council v. Carpenters v. Pepper Construction Co.*, 32 F.Supp. 3d 918, 923 (N.D. Ill. 2014)(finding dismissal appropriate under Rule 12(b)(1) where plaintiff's complaint lacked any allegations that an employment relationship existed between the parties).

Furthermore, the court lacks subject matter jurisdiction over claims against Symphony HMG, LLC; Drake Louis Enterprises LLC; and the Symcare entities because plaintiff failed to exhaust administrative remedies against these defendants. There is no question that plaintiff did not name these defendants in the EEOC charge that is the basis for this suit, nor does he allege he exhausted administrative remedies against any of these defendants. (Ex. A). A court may grant a motion to dismiss for failure to exhaust administrative remedies if the complaint itself establishes it. See *Collins v. Village of Palatine, Illinois*, 875 F.3d 839, 842 (7th Cir. 2017).

A copy of the plaintiff's amended complaint is attached as Exhibit A. In his complaint, plaintiff alleges that the defendant in this action is Symphony of Orchard Valley which is a d/b/a for Symphony Countryside, LLC (Ex. A, ¶3). Furthermore, the underlying EEOC charge was filed against Symphony of Orchard Valley (Ex. A); and plaintiff's narrative statement in support of the complaint states he was employed by Symphony of Orchard Valley ("I was hired as a floor nurse at Symphony of Orchard Valley") (Ex. A, ¶13).

In sum, the amended complaint is utterly devoid of any factual allegations against Symphony HMG, LLC; Drake Louis Enterprises LLC; and the Symcare entities. Plaintiff never worked for any of these defendants and he did not file EEOC charges against them. (Ex. B). As such, the complaint filed against these defendants should be dismissed in its entirety, with prejudice. The case should then proceed against the only proper defendant, plaintiff's former employer Symphony Countryside LLC.

WHEREFORE for all of the foregoing reasons defendants Drake Louis Enterprise LLC, Symphony HMG LLC, Symcare Healthcare LLC, Symcare HMG LLC, Symcare Holdings LLC, and Symcare ML LLC respectfully request that all claims against them be dismissed with

prejudice for lack of subject matter jurisdiction, and that these defendants be permanently dismissed as defendants in this action.

Respectfully submitted:
**SCHUELER, DALLAVO & CASIERI**

/s/ Katherine A. Rodosky
_____
An Attorney for Defendants

Katherine A. Rodosky
Schueler, Dallavo & Casieri
233 South Wacker Drive
Suite 5230
Chicago, Illinois 60606
(312) 831-1090
krodosky@sdc-atty.com

# **CERTIFICATE OF SERVICE**

Katherine Rodosky, an attorney in this cause, certifies that a copy of the foregoing <u>RULE 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT BY DRAKE LOUIS ENTERPRISES LLC, SYMPHONY HMG LLC, SYMCARE HEALTHCARE LLC, SYMCARE HMG LLC, SYMCARE HOLDINGS LLC AND SYMCARE ML LLC</u> was served upon the *pro se* plaintiff by electronic court filing and regular and electronic mail to the address listed below on this September 10, 2019.

Mark R Sanders
307 S. West Ave.
Apt. B
Elmhurst, IL 60126
630 201-2517
Email: andramida333@yahoo.com
PRO SE

/s/ Katherine Rodosky
_____